Citation Nr: 1826268 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 09-18 831A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to an increased rating for posttraumatic stress disorder (PTSD), rated as 50 percent disabling prior to April 9, 2015, and as 70 percent disabling from that date. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Victoria A. Narducci, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the Army from June 1969 to December 1972. 

This matter before the Board of Veterans' Appeals (Board) is on appeal from a June 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas (Agency of Original Jurisdiction (AOJ)).

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action, on his part, is required.


REMAND

Regrettably, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the issues on appeal, in order to afford the Veteran every possible consideration. 

This case has been before the Board on three separate occasions. In January 2015, the Board remanded this issue to afford the Veteran a new VA examination for his PTSD, as his most recent examination at that time was nearly five years old. See January 2015 BVA Decision. Additionally, the Board determined that the Veteran received counseling for his PTSD at the Corpus Christi Vet Center (CCVC), but the file did not contain updated CCVC treatment records or updated VA treatment records, and subsequently remanded to obtain these records. Id. 

The case next came before the Board one year later in January 2016. While treatment records from the Corpus Christi, VA Outpatient Clinic were obtained, the Board determined that there had been no efforts made to obtain any new or additional records from the CCVC since January 2003. See January 2016 BVA Decision. It was stressed that these records contained the Veteran's counseling treatment by a Mr. S, so the complete records for treatment from CCVC were relevant and necessary to determine entitlement to an increased rating for PTSD. Id. As such, the Board again remanded the case to provide the opportunity to obtain these records, as well as to request information from the Veteran regarding new evidence and/or treatment. Id.

In April 2017, the case returned to the Board. The CCVC records were associated with the file; however, only those records from January 2010 to February 2016 were obtained. See April 2017 BVA Decision. The Veteran had previously indicated that he received treatment prior to that date (as early as October 2002), and the AOJ did not indicate it was unable to obtain the records prior to January 2010. Id. The Board therefore remanded to request these records, as well as updated VA treatment records. Id.

A review of the record reveals that the AOJ attempted to obtain the missing treatment records from CCVC; however, the Veteran needed to sign VA Form 21-4142, Authorization and Consent to Release Information to the Department of Veterans Affairs. See March 2018 Hearing Testimony. The form was sent to him twice previously, but he allegedly never received it. Id. VA was then supposed to send another authorization form so that it could request the records from CCVC. To date, there is nothing in the record to indicate such an authorization form was sent to the Veteran, violating Stegall v. West, 11 Vet. App. 268 (1998). As such, the Board must once again remand to request the missing CCVC records. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should contact the Veteran and his representative and request that the Veteran complete, sign, and return a VA Form 21-4142, Authorization and Consent to Release Information to allow VA to request the Veteran's complete records (October 2002 to present) from the Corpus Christi Vet Center.

2. The AOJ should thereafter provide the Corpus Christi Vet Center with the signed VA Form 21-4142, and obtain the Veteran's complete treatment records from October 2002 to present. 

If any requested records cannot be obtained, the claims file should be annotated as such, to include any documentation related to the AOJ's attempts to obtain the records, and the Veteran and his representative should be notified of such attempts. 

3. Associate with the claims folder any updated VA treatment records from May 2017 to present. If any requested records are unavailable, the claims file should be annotated as such, and the Veteran and his representative should be notified. 

4. Thereafter, readjudicate the claim. If any benefit sought on appeal remains denied, furnish the Veteran and his representative a supplemental statement of the case and an appropriate period of time to respond.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
T. MAINELLI
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).